IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LISA GINN, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| W.E. FURNITURE MART, INC. and ADCOCK COMPANY, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Lisa Ginn ("Plaintiff" or "Ms. Ginn"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendants' violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 28 U.S.C. § 1367.

3.

Defendant W.E. Furniture Mart, Inc. ("Defendant WEFM") does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

4.

Defendant Adcock Company ("Defendant Adcock") does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

6.

Per the Georgia Secretary of State, Defendant WEFM and Defendant Adcock (collectively, "Defendants") both have a principal office address at 4220 Atlanta Highway, Bogart, GA 30622. Additionally, the same individuals serve as CEO, CFO, and Secretary for both companies.

7.

Defendants are qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

8.

Defendants are domestic corporations qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendants may be served with process by delivering a copy of the summons and complaint to their shared Registered Agent, Larry Adcock III, at 4220 Atlanta Highway, Bogart, GA 30622.

10.

At all such times, Plaintiff was an "employee" of Defendants as defined under the ADA at 42 U.S.C. § 12111(4).

11.

During all times relevant hereto, Defendants had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendants are therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEDURES

12.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about September 8, 2020.

13.

The EEOC issued a "Notice of Right to Sue" on November 20, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

14.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

15.

Ms. Ginn began working for Defendants on February 10, 2014, as a Sales Associate.

16.

Ms. Ginn has a disability and/or perceived disability.

17.

Specifically, Ms. Ginn has suffered for years from anxiety and depression, and has been on medications to regulate her mental health.

18.

Defendants were aware of Ms. Ginn's disability.

19.

While Defendants' CEO, Larry Adcock III, was aware of Ms. Ginn's disability and challenges getting the correct medications, he had commented in the past to other employees that there was not really anything wrong with her.

20.

On or about July 31, 2020, Ms. Ginn asked Mr. Adcock about safety in the workplace, i.e. why Defendants were no longer taking employee temperatures due to the COVID-19 pandemic.

21.

In response, Mr. Adcock became angry and began yelling and berating Ms. Ginn.

22.

Mr. Adcock later said that he would call Ms. Ginn later to tell her if she still had a job; he did not call.

23.

Mr. Adcock's treatment of Ms. Ginn purposefully exacerbated her disabilities, causing panic attacks and resulting in a car accident the following day.

24.

On August 4, 2020, Ms. Ginn consulted with her medical provider regarding her heightened anxiety, which resulted in a change in her medication.

25.

Ms. Ginn provided Defendants with a note from her doctor noting that she was instructed to be off work from August 4 through August 6, 2020, in order to accommodate side effects from her change in medications.

26.

Following an appointment with another medical provider on August 5, 2020, Ms. Ginn submitted a second note requesting that she be allowed a 14 day leave of absence due to her current medical condition(s).

27.

On August 17, 2020, Ms. Ginn sent an email to Mr. Adcock, attaching a third note from her medical provider, requesting additional medical leave through August 31, 2020.

28.

Less than an hour after Ms. Ginn sent Mr. Adcock her request for additional medical leave, he called and terminated her employment.

29.

Defendants terminated Plaintiff's employment while she was on medical leave.

30.

But for Plaintiff's disability and request for a reasonable accommodation of the same, she would not have been terminated.

31.

Ms. Ginn requested a reasonable accommodation of her disabilities.

32.

Specifically, Ms. Ginn requested time off as she adjusted to her new medications.

33.

Defendants failed to engage in the interactive process with Ms. Ginn, even though doing so would not have been an undue hardship.

34.

Instead, Defendants terminated Plaintiff's employment.

35.

Defendants terminated Plaintiff because she had a record of a disability or because it regarded her as disabled or because she engaged in protective activity.

## **CLAIMS FOR RELIEF**

## **COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

36.

Plaintiff re-alleges paragraphs 15-35 as if set forth fully herein.

37.

Plaintiff has a mental impaiment which substantially limits one or more major life activities including but not limited to concentrating, thinking, and working.

38.

Plaintiff's mental health impairments are a "disability" within the meaning of the ADA, as amended.

39.

Defendants were aware of Plaintiff's disability.

40.

Defendants regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

41.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

42.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

43.

Defendants terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

44.

Defendants terminated Plaintiff's employment because of her accommodation requests.

45.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendants violated the ADA, as amended.

46.

Although Defendants purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

47.

Defendants treated other employees outside Plaintiff's protected class differently.

48.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

49.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

50.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

51.

As a direct and proximate result Defendants' violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

52.

As a result of Defendants' discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

53.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

54.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

55.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

56.

Plaintiff re-alleges paragraphs 15-35 as if set forth fully herein.

57.

Plaintiff has a mental impaiment which substantially limits one or more major life activities including but not limited to concentrating, thinking, and working.

58.

Plaintiff's mental health impairment is a "disability" within the meaning of the ADA, as amended.

59.

Defendants were aware of Plaintiff's disability.

60.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

61.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

62.

Plaintiff requested that Defendants accommodate her disability by allowing her time off as she adjusted to her new medications.

63.

Upon receiving Plaintiff's request for an accommodation, Defendants failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

64.

Defendants refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

65.

By refusing to accommodate Plaintiff, Defendants violated the ADA, as amended.

66.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' failure to accommodate Plaintiff's disability was undertaken in bad faith.

67.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

68.

As a direct and proximate result Defendants' violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

69.

As a result of Defendants' discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

70.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

71.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

72.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

73.

Plaintiff re-alleges paragraphs 15-35 as if set forth fully herein.

74.

Plaintiff has a mental impaiment which substantially limits one or more major life activities including but not limited to concentrating, thinking, and working.

75.

Plaintiff's mental health impairment is a "disability" within the meaning of the ADA, as amended.

76.

Defendants were aware of Plaintiff's disability.

77.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

78.

Defendants terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

79.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

80.

Defendants retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

81.

Defendants terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

82.

Defendants' proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendants' retaliatory motive.

83.

Defendants' retaliatory actions against Plaintiff were in violation of the ADA, as amended.

84.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

85.

As a result of Defendants' retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

86.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

87.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

88.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**WHEREFORE**, Plaintiff judgment as follows:

(a)   General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)   Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)   Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)   Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)   All other relief to which she may be entitled.

Respectfully submitted the 28th day of January, 2021.

**BARRETT & FARAHANY**

 s/ *Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

*Attorney for Lisa Ginn*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com